NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2577
_____

UNITED STATES OF AMERICA,

v.

DERRACK INGS,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA
(D.C. Crim. No. 3:02-CR-0202)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2011
_____

Before: CHAGARES, JORDAN, AND GREENAWAY, JR., <u>Circuit Judges</u>

(Filed:  July 27, 2011)

_____

OPINION
_____

GREENAWAY, JR., <u>Circuit Judge</u>.

1

Appellant, Derrack Ings ("Ings"), pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The District Court for the Middle District of Pennsylvania sentenced Ings to 151 months of incarceration. Ings filed a pro se motion seeking sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied Ings's motion and Ings appeals the District Court's denial. Ings's counsel filed a motion to withdraw from representing Ings on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967). For the reasons stated below, we will grant the motion to withdraw and affirm the District Court's denial of the motion seeking sentence reduction.

## I. Background

Ings pled guilty to a one-count Information on September 10, 2002. The Information charges Ings with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, Ings and the government agreed that Ings "should be classified as a career offender" and recommended a total offense level of 29 and a criminal history category of VI, resulting in a sentencing Guidelines range of 151–188 months. (App. 13 at ¶ 12a).

The Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated Ings's sentencing Guidelines range exactly as the plea agreement had — resulting in a sentencing Guidelines range of 151–181 months, based on a Total Offense Level of 29 and a criminal history category of VI. Ings did not object to the PSR's calculations or his designation as a career offender.

2

On December 20, 2002, Ings appeared for sentencing in the District Court for the Middle District of Pennsylvania. Judge Caputo calculated Ings's sentencing Guidelines range as the parties and Probation had. The District Court imposed a sentence of 151 months of imprisonment. Ings did not request, and the District Court did not grant, a downward departure for overstatement of criminal history under U.S.S.G. § 4A1.3. Ings did not file an appeal of his conviction or sentence.

On February 29, 2008, Ings filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Although the retroactive amendment to the Guidelines (Amendment 706), at times, reduces sentences by two levels for offenses involving cocaine base, the District Court here denied the motion on May 13, 2008. Ings filed a timely notice of appeal. On January 24, 2011,[1] Ings's counsel filed a motion to withdraw from representing Ings on appeal.[2] Ings's counsel claims he cannot identify any issue of arguable merit. Specifically, as a career offender Ings is not eligible for the cocaine base offense Guidelines sentence reduction.

## II. Jurisdiction

The District Court had jurisdiction, pursuant to 18 U.S.C. § 3231. This Court has jurisdiction, pursuant to 28 U.S.C. § 1291.

---

[1] The nearly three-year delay in adjudication was the result of the Court Reporter's inability to produce transcripts from Ings's plea and sentencing hearings.

[2] The Federal Bureau of Prisons Inmate Locater indicates that Ings was released on April 21, 2011.

## III. Standard of Review

"In Anders v. California, 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000). Under Anders, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." Id. at 780. "The Court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements[3]; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where frivolousness is patent, however, "we will not appoint new counsel even if an Anders brief is insufficient to discharge current counsel's obligations to his or her client and this court." United States v. Coleman, 575

---

[3] Local Appellate Rule 109.2(a) provides, in pertinent part:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. . . . If [the court] finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.

3d Cir. L.A.R. 109.2(a) (2010).

4

F.3d 316, 321 (3d Cir. 2009) (internal quotation marks omitted).  This Court reviews an order denying a motion for reduction of sentence under 18 U.S.C. § 3582(c) for abuse of discretion.  United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

## IV. Analysis

The Anders brief submitted by counsel sufficiently explains why Ings's potential appeal is frivolous.  We have addressed the application of the retroactive sentencing Guidelines amendment to career offenders in United States v. Flemming, 617 F.3d 252 (3d Cir. 2010), and Mateo, 560 F.3d at 152.  In Mateo, we ruled that Amendment 706 only affects calculations of the base offense level and has no effect on the application of the career offender offense level required by § 4B1.1.  Id. at 155.  Ings did not object to his designation as a career offender.

Nor does Ings fall under the exception to Mateo established by this Court in Flemming.  Flemming held that, "under a pre–2003 edition of the Sentencing Guidelines, a career offender who is granted a § 4A1.3 downward departure to the Crack Cocaine Guidelines range is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)."  Flemming, 617 F.3d at 272.  Ings never requested, and the District Court did not grant, a downward departure for overstatement of criminal history.  Lastly, Ings is a career offender who did not receive a downward departure for overstatement of criminal history.  There are no nonfrivolous grounds for appeal.

## V.  Conclusion

This Court's independent review of the record corroborates counsel's

5

argument that Ings has no nonfrivolous issues to appeal. The District Court did not abuse its discretion in denying Ings's motion seeking a sentencing reduction. We will grant the motion to withdraw, pursuant to <u>Anders</u>, and Ings's motion seeking a sentence reduction is dismissed.